**Joan Chason ALFORD, Plaintiff,**

**v.**

**DEAN WITTER REYNOLDS, INC., and Don L. Harris, Defendants.**

**Civ. A. No. H–88–2295.**

United States District Court,
S.D. Texas,
Houston Division.

May 29, 1989.

---

Stuart M. Nelkin, Nelkin & Nelkin, P.C., Houston, Tex., for plaintiff.

Raymond L. Kalmans, Neel Hooper & Kalmans P.C., Houston, Tex., for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND COMPEL ARBITRATION

HITTNER, District Judge.

This is a sex discrimination suit filed by Plaintiff, Joan C. Alford (Alford) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17 (1982) (Title VII) against Defendants Dean Witter Reynolds, Inc., and Donald L. Harris. The Defendants have moved this Court to dismiss with prejudice Plaintiff's suit and to compel arbitration of Plaintiff's claims. For the reasons set forth below, the Court denies Defendants' Motion to Dismiss and Compel Arbitration.

As a condition of her employment with Dean Witter, Alford executed an application and agreement for registration with the New York Stock Exchange, Inc. (NYSE), and the National Association of Security Dealers, Inc., which contained a clause stating she agreed to resolve by arbitration any controversy arising out of her employment including her termination. Additionally, Rule 347 of the NYSE also called for arbitration of employment-related disputes upon demand by either party. The Defendants seek to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1982), and assert that the United States Supreme Court's opinions in *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1986), and *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), require Alford to submit her federally protected rights to arbitration. The Court finds that the Supreme Court's decisions in Title VII cases do not require Alford to arbitrate her Title VII claims.

This case is controlled by the Supreme Court's decision in *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). In *Alexander,* the court held that clearly "there can be no prospective waiver of an employee's rights under Title VII." *Id.* at 51, 94 S.Ct. at 1021. The court found that Congress intended the federal courts to exercise final responsibility for the enforcement of Title VII and that deferral to arbitration would be inconsistent with that goal. *Id.* at 56, 94 S.Ct. at 1023. Neither *Shearson* nor *Mitsubishi* overrules *Alexander.*

In *Mitsubishi,* the Supreme Court recognized that not all controversies implicating statutory rights should be submitted to arbitration. *Mitsubishi,* 473 U.S. at 627, 105 S.Ct. at 3354. There are some statutory rights which Congress intended to preclude a waiver of the right to resort to a judicial forum for resolution of the statutory right at issue. *See id.* at 627–28, 105 S.Ct. at 3354–3355. Congress's intention to prohibit such a waiver would be deducible from the text or legislative history of the statute, *Mitsubishi,* 473 U.S. at 628, 105 S.Ct. at 3354, or from the inherent conflict between arbitration and the statute's underlying purposes, *Shearson,* 482 U.S. at 225–226, 107 S.Ct. at 2337. The court in *Alexander* examined the intention of Congress in passing Title VII and found not only that Congress intended the federal courts to exercise final responsibility for the enforcement of Title VII, *Alexander,* 415 U.S. at 56, 94 S.Ct. at 1023, but also that there was inherent conflict between arbitration and the congressional purpose of Title VII, *id.* at 56–59, 94 S.Ct. at 1023–1025.

The Defendants argue that *Alexander* has been overruled by implication by the Supreme Court's later opinions in *Shearson* and *Mitsubishi.*[1] This issue was

---

1. The Defendants suggest that in light of these more recent opinions, the Supreme Court would

squarely addressed by the Eighth Circuit Court of Appeals in *Swenson v. Management Recruiters Int'l, Inc.*, 858 F.2d 1304 (8th Cir.1988). In *Swenson*, the plaintiff had signed an employment agreement which provided, in part, for the arbitration of any controversies between her and her employer pursuant to the commercial arbitration rules of American Arbitration Association. The Eighth Circuit Court of Appeals noted that the Supreme Court's decision in *Alexander* did not turn upon the issue of whether the agreement of arbitration was pursuant to a collective bargaining agreement but instead turned on "the unique nature of Title VII." *Swenson*, 858 F.2d at 1306. Relying upon the Supreme Court's opinion in *Alexander*, the court then held that a commercial agreement to arbitrate under the Federal Arbitration Act could not preempt the plaintiff's right to seek a judicial determination of her Title VII claims. *Swenson*, 858 F.2d at 1307, 1309. Thus, the Court concludes that Alford's Title VII claims are not subject to arbitration. Accordingly, the Court

ORDERS that all relief sought in Defendants' Motion to Dismiss and Compel Arbitration be, and is hereby, DENIED.

now overrule *Alexander*. The court's decision in *Alexander*, however, is binding upon this Court and the district courts have no power to

overrule it. *Marcello v. Ahrens*, 212 F.2d 830, 838–39 (5th Cir.1954).